The People of the State of New York ex rel. The Durant Land Improvement Company, Respondent, *v.* John Jeroloman, as Justice of the District Court in the City of New York for the Eighth Judicial District, Appellant.

*A perfected appeal from a judgment for rent is a stay upon pre-existing summary proceedings — section 1310 of the Code of Civil Procedure as amended January 24, 1893.*

The amendment of January 24, 1893, to section 1310 of the Code of Civil Procedure — " When an appeal from a judgment for rent has been perfected, and execution stayed as herein provided, the appeal stays all summary proceedings, pending or otherwise, to recover the possession of real property or dispossess tenants therefrom, based on the failure to pay the rent included in the judgment appealed from " — refers to appeals perfected before, as well as after, the date of the amendment, and makes such appeals a stay upon summary proceedings commenced before and pending at the date of the amendment.

This legislation does not violate the provision of the Constitution of the United States which forbids a State to pass any law impairing the obligations of contracts.

APPEAL by the defendant, John Jeroloman, as justice of the District Court in the city of New York for the eighth judicial district, from an order of the Supreme Court made at the New York Special Term at Chambers, and entered in the office of the clerk of the city and county of New York on the 13th day of March, 1893, granting a peremptory writ of mandamus.

*H. B. Twombly,* for the appellant.

*Esek Cowen,* for the respondent.

VAN BRUNT, P. J.:

The relator in this proceeding having procured a judgment for rent against its tenant (from which judgment the tenant had appealed and given security to stay execution), instituted a summary proceeding in the District Court, over which Justice JEROLOMAN presided, to recover possession of the premises because of non-payment of said rent, and such proceedings were thereupon had that in October, 1890, a final order was made by the justice dismissing said summary proceedings.

From this final order the relator appealed, and on the 19th of January, 1893, the same was reversed and a new trial ordered.

On the 24th of January, 1893, and before said new trial was had, the Legislature passed the following act (Chap. 4 of 1893):

" SECTION 1. Section thirteen hundred and ten of the Code of Civil Procedure is hereby amended so as to read as follows :

" § 1310. Where an appeal to the General Term of any court, or to the Court of Appeals, or otherwise, has been heretofore or shall hereafter be perfected, as prescribed in this chapter, and the other acts, if any, required to be done, to stay the execution of the judgment or order appealed from, have been done, the appeal stays all proceedings to enforce the judgment or order appealed from, except that the court or judge from whose determination the appeal is taken, may proceed in any matter included in the action or special proceeding and not affected by the judgment or order appealed from or not embraced within the appeal; or may cause perishable property to be sold, pursuant to the judgment or order appealed from. The proceeds of such a sale must be paid to abide the result of the appeal into the Court from or in which the appeal is taken ;

PEOPLE ex rel. DURANT LAND CO. *v.*JEROLOMAN. 303

First Department, May Term, 1893.

or if it was taken as prescribed in title fifth of this chapter, into the Supreme Court. When an appeal from a judgment for rent has been perfected and execution stayed as herein provided, the appeal stays all summary proceedings, pending or otherwise, to recover the possession of real property, or dispossess tenants therefrom, based on the failure to pay the rent included in the judgment appealed from.

" § 2. All acts and parts of acts inconsistent with or repugnant to the provisions of this act, are to that extent hereby repealed.

" § 3. This act shall take effect immediately."

When said proceeding came up for trial the justice held that he was prevented from proceeding with the case, as the giving of security upon the judgment for rent operated as a stay. A motion was then made for a peremptory writ of mandamus, which was granted, and from the order granting the same this appeal is taken.

It is claimed by the respondent that the amendment to the Code above referred to is not in terms retrospective, and applies only to judgments entered and appeals taken after its passage, and we are referred to the rule laid down by Judge Denio in the case of *Ely* v. *Holton* (15 N. Y. 595) which was as follows :

" The theory of amendments, made in the form adopted in the present instance, we take to be this : The portions of the sections which are repeated are to be considered as having been the law from the time they were first enacted, and the new provisions are to be understood as enacted at the time the amended act took effect. * * * In other words, we consider the amendment as only equivalent to an *independent statute*, declaring in general language that an appeal may hereafter be taken from an order granting a new trial on complying with the conditions mentioned."

And it is urged that applying this rule of construction to the present case, it means that this amendment as to judgments for rent is to be read as though it was a separate section. It seems to us that it is an equally well-settled canon of construction that where it is manifest what was the intention of the Legislature, all statutes must be construed according to such intention. (*People ex rel. Wood* v. *Lacombe*, 99 N. Y. 43, and cases there cited.)

Upon an inspection of this statute it seems plain that it was the intention to make it applicable in all its parts to pending proceedings. It expressly alters the first part of the statute, making it

applicable to appeals theretofore perfected; and then in the subsequent part of the section provides that "when an appeal from a judgment for rent has been perfected, and execution stayed as herein provided, the appeal stays all summary proceedings pending or otherwise." The reference to the preceding part of the section shows that the appeals referred to are those mentioned in the amended first part of the section, viz., those which had been theretofore or should be thereafter perfected.

It is difficult to see how the Legislature could have more plainly signified its intention to make these provisions apply to pending proceedings than this particular language has done.

As a strong objection to making this legislation apply to existing proceedings, it is urged that if so construed it would violate the provision of the Constitution of the United States, forbidding a State to pass any law impairing the obligations of contracts. It is well settled that a person has no vested right in any particular remedy; and the instances of changes of practice held applicable to pending litigations are too numerous to need citation. The case of *Martin* v. *Rector* (118 N. Y. 479) recognizes the validity of such legislation, and none of the citations of the respondent in any way impair the force of that decision.

It is undoubtedly true that if the Legislature had taken away all means of obtaining possession of the premises leased, if no rent was paid, such legislation would have been unconstitutional. But it only provided that after the landlord has obtained a judgment for his rent, which has been secured upon appeal, he shall not be permitted to proceed with this particular remedy to obtain possession of the premises. The rent has been secured, if due. Why then should the landlord have a right to this summary remedy after all reason for its existence is gone? He should be remitted to the ordinary channels of legal procedure if he seeks under such circumstances to enforce a forfeiture.

We think, therefore, that the order appealed from was wrong, and should be reversed, with ten dollars costs and disbursements of appeal, and the motion denied, with twenty-five dollars costs.

BARRETT and FOLLETT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements of appeal and the motion denied, with twenty-five dollars costs.